# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 07-2549

_____

United States of America,

        Appellee,

   v.

Gerald Miner,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Missouri.

[UNPUBLISHED]

_____

Submitted: January 17, 2008
Filed: April 7, 2008

_____

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

_____

PER CURIAM.

Gerald Miner appeals the district court's[1] denial of his motion for the return of seized property. See Fed. R. Crim. P. 41(g) ("A person aggrieved . . . by the deprivation of property may move for the property's return."). As relevant to this appeal, Miner challenged the forfeiture of $3,220 that law enforcement officers lawfully seized from him in 1994, arguing that the forfeiture deprived him of due process because he did not receive notice of the pending forfeiture. The district court

_____

[1]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

held a hearing, where the Government introduced a certified-mail return receipt signed "Gerald Miner," indicating that he received the forfeiture notice that accompanied the receipt. Miner testified that he did not receive the notice and that the signature on the receipt was not his. The district court considered Miner's testimony and compared the allegedly forged signature to a different signature that Miner conceded was his, ultimately finding that Miner signed the receipt and received notice of the forfeiture. Having carefully considered the record and Miner's argument that the district court's finding is clearly erroneous, we affirm.

A host of legal authority supports the means by which the district court authenticated the return-receipt signature–that is, by comparison with an already authenticated signature. See Fed. R. Evid. 901(b)(3) (permitting the trier of fact to authenticate handwriting by comparing the disputed handwriting with a sample that already has been authenticated); Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 928 (8th Cir. 1984) ("[G]enerally the trier of fact may compare a contested sample of handwriting with an authenticated sample and decide that the contested sample is authentic even in the absence of expert testimony"); see also 28 U.S.C. § 1731 ("The admitted or proved handwriting of any person shall be admissible, for purposes of comparison, to determine genuineness of other handwriting attributed to such person."). And while it is apparent that there are subtle differences between the two signatures, giving due regard to our deferential standard of review, see Shurgard Storage Ctrs. v. Lipton-U. City, LLC, 394 F.3d 1041, 1045 (8th Cir. 2005), we cannot conclude that the two cursive signatures are so dissimilar in form and style that the district court's finding is clearly erroneous. Moreover, the district court observed Miner's testimony that he did not sign the receipt firsthand, and is best suited to both determine whether Miner's testimony was credible and assess the authenticity of the handwriting. We conclude that the district court's finding that Miner signed the return receipt is not clearly erroneous, and we affirm the well-reasoned opinion of the district court. See 8th Cir. R. 47B.

_____